IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN MARIE BALL,** | : | CIVIL NO. 1:CV-09-0845 |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **JEFFREY BEARD, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Dawn Marie Ball ("Ball") is an inmate confined at the State Correctional Institution at Muncy (SCI-Muncy), Pennsylvania. She files this civil rights action pursuant to 42 U.S.C. § 1983 wherein she names as Defendants Jeffrey Beard, Secretary at the Pennsylvania Department of Corrections, and seven (7) SCI-Muncy employees. Service of the complaint has been directed on Defendants. (Doc. No. 18.) Presently pending before the Court are Plaintiff's motion for appointment of counsel (Doc. No. 4) and motion for "injunctive relief" (Doc. No. 5). For the reasons that follow, both motions will be denied.

I.   **Background**

In the complaint Ball alleges that she was brought to the Restricted Housing Unit ("RHU") at SCI-Muncy on April 10, 2007, and is still confined there. She claims that Defendants refuse to transfer her to another prison out of state, preferably New Jersey, where she can "thrive" and be closer to her family. She states that since she has been housed in the RHU her physical and mental health have declined. For example, she alleges that she "smells things that are not there," constantly scrubs her hands, is worried, stressed and disoriented, is malnourished and has lost hair, and must deal with constant noise. Ball further contends that she has not seen her family in two (2) years. As relief she seeks monetary damages, a transfer to a

prison in New Jersey and visits/calls with her family.

**II. Discussion**

**A. Motion for Counsel**

Plaintiff moves for the appointment of counsel in this action. (Doc. No. 26.) In support of her request she claims that she (1) is unable to afford counsel; (2) has limited access to the law library; (3) is refused writing supplies by staff; (4) has difficulty understanding and comprehending matters; (5) will be unable to meet court-imposed deadlines; and (6) believes trial will be likely in this action. (Doc. No. 4.)

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. Without passing judgment as to the merits of Ball's claims, for the sole purpose of this motion the Court will assume that the case

2

has arguable merit in law and the facts.

Next, upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

Ball's motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. Ball is no stranger to this Court. She has filed numerous civil rights actions in the Middle District of Pennsylvania and, at the present time, has seven (7) active cases pending. The pleadings submitted thus far do not contain complicated legal issues, and the dockets in each of Ball's cases demonstrate that she is clearly able to litigate this action on her own. She is proficient in both filing and opposing motions and, although confined in the RHU, does have access to the law library. Although Ball claims she is refused writing supplies by the staff at SCI-Muncy, her ability to continuously file documents in each of her pending civil actions reveals otherwise. Any concern on her part, with respect to trial preparation, is premature. It cannot be said, at least at this point, that Ball will suffer substantial prejudice if she is required to proceed with the prosecution of this case on her own. This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Ball's apparent ability to litigate this action, weigh against the appointment

of counsel. Her pending motion will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a motion properly filed by Ball.

  **B**  **Motion for Injunctive Relief**

  Plaintiff files a motion for injunctive relief seeking to be transferred to a prison "closer to home." (Doc. No. 5.) In support of her request she claims that remaining in the RHU at SCI-Muncy is causing her physical and mental health to deteriorate, and that she is subjected to cruel and unusual punishment because she is denied showers and refused weekend contact visits and phone privileges. She states that the lack of visits is detrimental to her son and claims that she suffers detrimental effects due to segregated confinement without contact as evidenced by her sunken eyes and her hair loss.

  An injunction is an "extraordinary remedy" that is never awarded as of right. <u>Winter v. Natural Resources Defense Council</u>, __ U.S. __, 129 S. Ct. 365, 375, 172 L. Ed. 2d 249 (2008). The Third Circuit Court of Appeals has outlined four factors that a court ruling on a motion for a preliminary injunction must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. <u>Rogers v. Corbett</u>, 468 F.3d 188, 192 (3d Cir. 2006); <u>Crissman v. Dover Downs Entertainment Inc.</u>, 239 F.3d 357, 364 (3d Cir. 2001); <u>see</u> <u>also</u> <u>United States v. Bell</u>, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003). These same factors are used to determine a motion for a temporary restraining order. <u>Bieros v. Nicola</u>, 857 F. Supp. 445, 446 (E.D. Pa. 1994). It is the moving party that bears

4

the burden of satisfying these factors. Adams v. Freedom Forge Corp., 204 F.3d 475, 486 (3d Cir. 2000). While each factor need not be established beyond a reasonable doubt, they must combine to show the immediate necessity of injunctive relief. Stilp v. Contino, 629 F. Supp. 2d 449, 457 (M. D. Pa. 2009), citing Swartzwelder v. McNeilly, 297 F.3d 228, 234 (3d Cir. 2002).

The moving party must produce evidence sufficient to convince the court that all four factors favor injunctive relief, and the court must endeavor to balance all four factors; however, as a practical matter, likelihood of success on the merits and irreparable injury are the most important factors. See Am. Tel. & Tel. Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421, 1427 & n. 8 (3d Cir. 1994).

To establish a reasonable probability of success on the merits, the moving party must produce sufficient evidence to satisfy the essential elements of the underlying cause of action. See Punnett v. Carter, 621 F.2d 578, 582-83 (3d Cir. 1980); McCahon v. Pa. Tpk. Comm'n, 491 F. Supp. 2d 522, 527 (M.D. Pa. 2007). In determining whether success is likely, the court must look to the legal principles controlling the claim and the potential defenses available to the opposing party. See BP Chems. Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 264 (3d Cir. 2000).

In the instant motion Ball raises several of the claims at issue in the complaint filed in this action. She challenges the conditions of her confinement in the RHU, and seeks to be transferred to a prison closer to her home.

It is well established that an inmate has no justifiable expectation that he or she will be incarcerated in a particular prison. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Meachum v. Fano, 427 U.S. 215 (1976). Further, the

United States Supreme Court has held that inmates have "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). In the instant case, Ball never argues that she is wrongfully confined in the RHU. Rather, she seeks to move from the RHU to a prison located in a different state, preferably New Jersey, to be closer to her family.

Ball claims that confinement in the RHU at SCI-Muncy is causing her to suffer "detrimental effects," and cites to her hair loss, sunken eyes and lack of contact with people. She claims that it is too difficult for her family to take off work during the week to be able to visit her, and that the lack of visits is having a detrimental effect on her son. Ball's claims, however, are not sufficient to demonstrate the kind of atypical or significant hardship necessary to establish a constitutional violation under Sandin v. Conner, 515 U.S. 472, 484 (1995). "The determination of what is 'atypical and significant' is based upon the range of conditions an inmate would reasonably expect to encounter. McKeithan v. Jones, 212 Fed. Appx. 129, 130 (3d Cir. 2007) citing Asquith v. Dep't of Corrections, 186 F.3d 407, 412 (3d Cir. 1999).

In deciding whether a protected liberty interest exists under Sandin, a federal court considers the duration of the confinement and the condition of that confinement in relation to other prison conditions. Mitchell v. Horn, 317 F.3d 523, 532 (3d Cir. 2003). In the instant case, there are no allegations that Ball is improperly housed in the RHU. She states that she has been housed in the RHU since November of 2007. The conditions she alleges are not atypical or significantly harsh. The Third Circuit Court of Appeals has found that a 930 day sentence to disciplinary confinement where no atypical conditions were alleged failed to show a deprivation

of a cognizable liberty interest.  See Young v. Beard, 227 Fed. Appx. 138, (3d Cir. 2007).  As such, Ball's motion fails to demonstrate the likelihood of success on the merits with respect to her confinement in the RHU.

Without unnecessary elaboration, Ball also has failed to make a clear showing that she will suffer irreparable injury if her motion is denied.  She currently has a lawsuit pending wherein she is litigating the instant claims, and seeking the relief requested in the motion for injunctive relief.  Clearly she has an adequate remedy at law, as she is utilizing that remedy, and there is no indication that she will suffer irreparable harm before a decision on the merits can be rendered.  Speculative injury does not constitute a showing or irreparable harm.  See Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 356 (3d Cir. 1980).  For these reasons, the pending motion for injunctive relief will be denied.   An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN MARIE BALL,** | : | CIVIL NO. 1:CV-09-0845 |
| **Plaintiff,** | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **JEFFREY BEARD, et al.,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW, THEREFORE, THIS 11th DAY OF JANUARY, 2010,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's Motion for Counsel (Doc. No. 4) is **denied without prejudice**.

2. Plaintiff's Motion for Injunctive Relief (Doc. No. 5) is **denied.**


          S/ Yvette Kane
          YVETTE KANE, Chief Judge
          Middle District of Pennsylvania